315 F.2d 148
 DIAPULSE MANUFACTURING CORP. OF AMERICA, a corporation,
Abraham J. Ginsberg and Jesse Ross, Appellants,
v.
The BIRTCHER CORPORATION, a corporation, and Cecil J.
Birtcher, Appellees.
 No. 17907.
 United States Court of Appeals Ninth Circuit.
 March 14, 1963.
 
 Lawrence Harris, Los Angeles, Cal., for appellant.
 Monta W. Shirley, Los Angeles, Cal., for appellee.
 Before HAMLEY and BROWNING, Circuit Judges, and FOLEY, District Judge.
 HAMLEY, Circuit Judge.
 
 
 1
 This damage action for libel was dismissed by the district court because similar actions between the same parties were already pending in a district court in another state. In both states the jurisdiction of the district court was based on diversity of citizenship.
 
 
 2
 Plaintiffs appeal, contending that the court was without power to dismiss the action on this ground and that, if such power existed, it was an abuse of discretion to exercise it under the circumstances of this case. Instead, it is argued, the court should have stayed the proceedings in this action pending disposition of the other suits.
 
 
 3
 The facts relating to this appeal are not in dispute. On February 15, 1961, Diapulse Manufacturing Corp. of America (Diapulse), Abraham J. Ginsberg, Jesse Ross, appellants herein, and others, commenced in action against The Birtcher Corporation and Cecil J. Birtcher, appellees herein, in the Supreme Court of the State of New York, County of Nassau. The Birtcher Corporation is a California corporation and Cecil J. Birtcher is a citizen and resident of California. The action was one to recover damages for libel. Because of diversity of citizenship, the action was removed to the United States District Court for the Eastern District of New York, where it was docketed as Civil Action No. 61 C 175.
 
 
 4
 On May 15, 1961, Diapulse commenced another action against The Birtcher Corporation in the same New York district court. The purpose of that action, which was docketed as Civil Action No. 61 C 355, was to enjoin further libels and to recover damages for libel.
 
 
 5
 Service of summons was not made upon Cecil J. Birtcher in either of the New York actions, and the New York court accordingly failed to obtain personal jurisdiction over him. In both of those actions the corporate defendant has at all times taken the position that personal jurisdiction was not obtained over it because it was not doing business within the State of New York.
 
 
 6
 The trial court ruled against the corporation on this matter. The corporation then sought a writ of mandate to compel the district court in New York to dismiss the action on the same ground, but the application was denied. The corporation and Birtcher then filed an answer, 'without admitting the jurisdiction of this court over the said defendant and specifically reserving all rights to dispute said jurisdiction.'[1] The New York actions then proceeded to full issue, in connection with which extensive discovery proceedings have now been had.
 
 
 7
 On November 6, 1961, which was just five days before the statute of limitations would have run on such an action in California, appellants commenced the instant suit in the United States District Court for the Southern District of California[2] The action was one to recover damages for libel, based on the same facts alleged in the complaints filed in the New York actions.
 
 
 8
 Appellees moved to dismiss the California action on the ground that all matters and issues involved therein are involved and fully determinable in the proceedings already pending in New York. The motion was granted and the California action was dismissed, leading to this appeal.[3]
 
 
 9
 The California district court did not hold, as appellants imply in their brief, that the court was without power to entertain the California suit in view of the pendency of the prior New York proceedings. What the court held was that: (1) where similar actions between the same parties are pending in district courts of different districts, the court in which the later suit was filed may, in its discretion, dismiss that action without prejudice; and (2) under the circumstances of this case a proper exercise of discretion called for dismissal of the second suit without prejudice.
 
 
 10
 We need not here determine the correctness of the first of these holdings.[4] In our opinion, if a district court has discretionary power to dismiss an in personam action because of the pendency of a similar action in the district court of another district, it was nevertheless an abuse of discretion to do so under the circumstances of this case.
 
 
 11
 As before indicated, the motion to dismiss was made on the ground that 'all matters and issues involved herein are involved in and fully determinable by proceedings already pending' in the New York court. But while the showing made in support of the motion establishes that the issues involved in the California action are involved in the New York proceedings, it fails to establish that those issues are 'fully determinable' in the New York actions. Quite to the contrary, it raises a serious doubt whether, because of the question of jurisdiction over The Birtcher Corporation, the New York Court can determine any of those issues on the merits.[5]
 
 
 12
 If this dismissal should be upheld and it should thereafter be determined in the New York litigation that jurisdiction over The Birtcher Corporation had not been obtained, appellants would be left without a remedy. The statute of limitations has already run in California. In all probability it will also run in any other state where The Birtcher Corporation could be sued, before the New York litigation comes to an end. Commencement of the California action before the running of the statute in California was the only way appellants could protect themselves under the circumstances.
 
 
 13
 Appellees point out that appellants could have started first in California where there would have been no difficulty in obtaining jurisdiction over The Birtcher Corporation. But appellants were entitled to sue in New York if the corporation did business in that state. Nor were they required to surrender that right when a jurisdictional challenge was presented, for fear of losing on jurisdiction in New York and being too late in California. The California suit, filed as a protective measure, was the sensible solution. This would have occasioned no substantial burden upon appellees for the time being if, as appellants proposed, proceedings in California had been stayed pending disposition of the New York litigation.
 
 
 14
 It is true that pendency of the California action might eventually prove burdensome to appellees. If appellants should lose in New York on jurisdictional grounds, they could then activate the California suit. But it would be difficult to blame appellants for occasioning such a burden if made necessary by reason of appellees' successful jurisdictional challenge in New York. In any event, it is better that such a burden be imposed than taht a federal litigant be denied a forum where his case can be decided on the merits.
 
 
 15
 Reversed and remanded to the district court where either of the parties may move for a stay of proceedings pending disposition of the New York actions.
 
 
 
 [1]
 The parties have not advised whether the two New York actions were consolidated and, if not, in which action (or if in both) these jurisdictional contentions and rullings were made. If these proceedings were had in the first New York action we have not been advised whether they occurred in the state court prior to removal of the cause to the federal district court
 
 
 [2]
 In California a one-year statute of limitations applies to actions for libel. Calif.Code Civ.Proc. 340(3). According to the complaint the claim based on libel arose on November 11, 1960
 
 
 [3]
 It is provided in the order of dismissal that 'this dismissal shall not operate as an adjudication on the merits. (F.R.C.P.41(b)).'
 
 
 [4]
 It may be noted, however, that cases on which appellees rely, such as Hammett v. Warner Brothers Pictures, Inc., 2 Cir., 176 F.2d 145, where the action dismissed was one for a declaratory judgment, are not in point. Under the Federal Declaratory Judgments Act, a district court is under no compulsion to exercise jurisdiction, and may therefore regard the circumstance that another action is pending as a sufficient reason for declining to do so. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. This rule has no application in an in personam action such as the one before us in which a declaratory adjudication is not sought. We intimate no view as to whether, under other principles, a district court may have such a discretionary power in a case of the kind now before us
 
 
 [5]
 We disregard the fact that the New York court concededly had no jurisdiction over Cecil J. Birtcher because counsel for appellants advised us, on oral argument, that they would obtain full relief if they obtained a judgment against The Birtcher Corporation