In re CAREER ACADEMY ANTITRUST LITIGATION.

ELWONGER
v.
CAREER ACADEMY, INC.

RAKES et al.
v.
CAREER ACADEMY, INC., et al.

BROWN
v.
CAREER ACADEMY, INC., et al.

BREELAND et al.
v.
CAREER ACADEMY, INC., et al.

BAKER
v.
CAREER ACADEMY, INC., et al.

Nos. 71–C–409, 72–C–270, 72–C–272, 72–C–276, 72–C–325, MDL Docket No. 98.

United States District Court, E. D. Wisconsin.

Feb. 5, 1975.

---

Hersh, Stupar, Stepke, Gollin & Schulz by Frederick Hersh, Milwaukee, Wis., for Byford Elwonger.

Godfrey & Kahn by Wm. H. Alverson and James Ward Rector, Milwaukee, Wis., for Career Academy in No. 71–C–409.

Charles T. Sykes, Jr., Gulfport, Miss., for Joe F. Rakes.

William M. Rainey, White & Morse, Gulfport Miss., for Career Academy in No. 72–C–270.

Harry A. Young, Jr., Irvin F. Richman, Allen C. Engerman, Chicago, Ill., for Jimmy Brown.

Jenner & Block by Russell J. Hoover, Chicago, Ill., for Career Academy in No. 72–C–2772.

Cooper & Hurewitz by Rubin M. Turner, Beverly Hills, Cal., for Vicky Breeland.

Manatt, Phelps, Copland & Rothenberg by Alan I. Rothenberg and Barnet Reitner, Los Angeles, Cal., for Career Academy in No. 72–C–276.

David Berger, Herbert B. Newberg, and Leonard Barrack, Philadelphia, Pa., for Morton Baker.

Wolf, Block, Schorr & Solin-Cohen by Franklin Poul, Philadelphia, Pa., for Career Academy in No. 72–C–325.

## ORDER

MYRON L. GORDON, District Judge.

On December 12, 1974, the bankruptcy court for this district entered a temporary restraining order which provides as follows in ¶ 5:

"That all creditors of the debtor [Career Academy, Inc.] both secured and unsecured be temporarily restrained from commencing any proceedings against debtor or taking any further action in pending proceedings until further Order of this Court."

In a letter to all counsel in these cases dated December 27, 1974, I indicated that the above quoted paragraph appeared to preclude further action in MDL Docket No. 98, and I invited counsel to present their views on this subject. After considering the responses of counsel which were submitted, I conclude that all proceedings in MDL Docket No. 98 should be held in abeyance pending further order of this court; this includes with particular pertinence the subject matters embodied in the second pretrial order, dated August 27, 1974, and the order issued on November 18, 1974.

Messrs. Young and Barrack in a letter dated January 27, 1975, urge that many of the claims in these consolidated cases are not provable ones subject to discharge in bankruptcy. It is asserted that proceedings involving such claims are not and cannot be affected by the bankruptcy court's restraining order.

In my opinion, however, the bankruptcy court may stay proceedings in this court regardless whether the claims against Career Academy are provable in bankruptcy or not.

The restraint in question was issued in the course of chapter XI bankruptcy proceedings. Rules of Procedure affecting such proceedings became effective on July 1, 1974. Rule 11–44(a), Chapter XI Rules, states in part:

> "A petition filed under Rule 11–6 or 11–7 shall operate as a stay of . . . the continuation of any court . . . proceeding against the debtor . . . ."

The advisory opinion notes pertaining to Rule 11–44 make clear that the rule

> "authorizes [pursuant to § 314 of the Bankruptcy Act, 11 U.S.C. § 714 (1970)] the stay of pending actions . . . whether or not founded upon dischargeable claims."

I thus conclude that the bankruptcy court's restraining order, which is apparently based upon Rule 11–44, precludes further action in MDL Docket No. 98 insofar as Career Academy, Inc. is concerned.

Messrs. Young and Barrack believe that discovery should go forward at least as to the individual defendants. In my opinion, bifurcating the discovery schedule would be unwise.

Since I have no way of knowing to what extent the objectives of the second pretrial order, issued on August 27, 1974, have been accomplished, I propose that a third pretrial conference be held after the bankruptcy court ceases restraining proceedings in this case. Counsel for Career Academy is directed to notify the court when the latter event occurs. Upon such notification I intend to request proposals from all counsel with regard to the third pretrial conference, including the order which will issue therefrom.

Therefore, it is ordered that all proceedings in this case be and hereby are held in abeyance until further order of this court.