**Sylvia MENDIOLA, Plaintiff-Appellant,**

v.

**Raymond P. HART, J. J. Mata, C. H. Mata, and L. H. C. Operating Co., Inc., Defendants-Appellees.**

**No. 76–4284**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

J. G. Hornberger, J. G. Hornberger, Jr., Laredo, Tex., for plaintiff-appellant.

Thomas H. Sharp, Jr., J. Michael Myers, San Antonio, Tex., for Dr. Raymond Hart.

Asa V. Bland, Jr., McAllen, Tex., for Mata & Mata.

C. M. Zaffirini, Laredo, Tex., for L.H.C. Operating Co.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant Mendiola, a citizen of the Republic of Mexico, brought this diversity action[1] against three physicians, all residents of Texas, and a hospital, incorporated under the laws of Texas, for malpractice. She simultaneously filed suit in the Texas state court against a fourth doctor, Roberto Gomez Lugo, a Mexican citizen, on the same cause of action.[2]

Two of the defendants (Dr. Hart and L.H.C. Operating Co., Inc., the hospital) moved for dismissal for failure of appellant to join Dr. Lugo. They alleged that Dr. Lugo was an indispensable party because he had participated in the surgical procedure which had given rise to the malpractice claim and because the doctrine of res ipsa loquitur had been invoked to support the claim.

Without reaching this issue, the district court dismissed the action, without prejudice, because of the pendency of the state court proceedings against Dr. Lugo. The court reasoned that appellant had an adequate remedy in state court since all the remaining potential defendants (appellees here) could be joined in the pending state action.

The appellees cite no case, and our research discloses none, that authorizes a district court to dismiss a diversity action solely on the ground that the claim could be litigated in the context of a pending state court action. This is not even a situation where actions involving the same parties and issues are simultaneously pending in state and federal courts; in which event, the district court would have discretion to stay, but not to dismiss, the proceedings before it to await the outcome of potentially dispositive state litigation. *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir. 1973).

The district court lacked discretion to dismiss this action, and we therefore reverse and remand with directions to reinstate the proceedings below.

REVERSED AND REMANDED, WITH DIRECTIONS.

---

1. 28 U.S.C. § 1332 (1970).

2. Appellant originally filed a suit in the federal district court below naming all four doctors and the hospital as defendants. The district court dismissed that action because there was no diversity of citizenship between appellant and Dr. Lugo, the Mexican citizen.