**HEMMERLE INDUSTRIES, INC., a Florida Corporation, et al., Plaintiffs-Appellants,**

v.

**Walter Judd KASSUBA et al., Defendants-Appellees.**

No. 76–3637.

United States Court of Appeals, Fifth Circuit.

June 19, 1978.

---

William R. Scherer, Robert F. Jordan, Fort Lauderdale, Fla., for plaintiffs-appellants.

Robert M. Montgomery, Jr., Edna L. Caruso, West Palm Beach, Fla., for Walter Judd Kassuba etc.

Mario G. de Mendoza, III, Palm Beach, Fla., for Stephen G. Davidson.

Fred C. Davant, Miami, Fla., for Ronald Sales.

Sales & Christiansen, John T. Christiansen, Palm Beach, Fla., for Ronald Sales.

Ronald Sales, pro se.

Before BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

This appeal from a dismissal without prejudice presents a single issue: whether the district court should have stayed—rather than dismissed—the action pending completion of related bankruptcy proceedings. We conclude that the dismissal was improper and remand the case to the district court for reinstatement.

Although the procedural setting is something of a tangled web, the relevant facts can be briefly summarized. Hemmerle Industries and its shareholders and directors brought this action against five individuals and five corporations in the Southern District of Florida, alleging, *inter alia,* violations of federal antitrust and securities laws.[1] When the suit was filed, defendant Walter Kassuba and all of the corporate defendants were involved in a Chapter XI bankruptcy proceeding in the Northern District of Illinois. That court had issued an order prohibiting the commencement of suits against these defendants,[2] and after Hemmerle filed this suit, the bankruptcy court enjoined Hemmerle from "continuing in any way the further prosecution" of the action. The district court in Florida then dismissed the entire action without prejudice to the right of any party to refile at the conclusion of the bankruptcy proceedings. The court subsequently reinstated the action against the nonbankruptcy defendants but stayed the suit pending dissolution of the bankruptcy court's injunction. However, the district court refused to reinstate the action as to the bankruptcy defendants and reaffirmed its previous order of dismissal without prejudice as to them. Hemmerle then brought this appeal.

Although the district court labeled the dismissal as being "without prejudice," there is the possibility that Hemmerle's claims would be time-barred after the completion of the bankruptcy proceedings. We intimate no views on this statute of limitations question but simply hold that because considerable doubt surrounds the issue,[3] the district court should have stayed further proceedings in the suit rather than dis-

---

1. Hemmerle filed a similar suit on the same day in the state circuit court for Broward County, Florida. A related suit in the state circuit court for Palm Beach County had been transferred by the bankruptcy court of the Northern District of Illinois to the bankruptcy court of the Southern District of Florida.

2. *See* 11 U.S.C. § 714; *Steelman v. All-Continent Corp.,* 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed.

1085 (1937); *Texaco, Inc. v. Liberty Nat'l Bank & Trust Co.,* 464 F.2d 389 (10 Cir. 1972); *In re Wiltse Bros. Corp.,* 361 F.2d 295 (6 Cir. 1966).

3. The problem is not a simple one, involving a determination of which limitations period to apply and of whether the Chapter XI proceedings would toll the statute of limitations.

missed the bankruptcy defendants.[4] This course of action would have guarded the rights of the plaintiffs and at the same time protected the bankruptcy defendants in accordance with the injunction issued by the bankruptcy court.

Accordingly, we vacate the district court's order of dismissal without prejudice and remand the case for reinstatement and issuance of an order staying further action until completion of the Chapter XI proceedings.

VACATED AND REMANDED.

4. *See Texaco, Inc. v. Liberty Nat'l Bank & Trust Co., supra; In re Career Academy Antitrust Litigation*, 389 F.Supp. 764 (E.D.Wis. 1975). *Cf. Mendiola v. Hart*, 561 F.2d 1207 (5 Cir. 1977); *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674 (5 Cir. 1973); *Diapulse Mfg. Corp. v. Birtcher Corp.*, 315 F.2d 148 (9 Cir. 1963).