**HENRY ROSENFELD, INC., Plaintiff,**

v.

**HIMAR SALES CORP. and Richard B. Gibbs, Defendants.**

**78 Civ. 1606 (MP).**

United States District Court,
S. D. New York.

Nov. 16, 1978.

Trubin, Sillcocks, Edelman & Knapp, New York City, by Richard E. Hershenson, New York City, of counsel, for plaintiff.

Stroock, Stroock & Lavan, New York City, by Vivienne W. Nearing, New York City, of counsel, for defendants.

## OPINION

POLLACK, District Judge.

This is a diversity action for breach of a sales representation contract. Defendants have moved for the dismissal, stay or transfer of the action, and for a protective order against the taking of depositions. For the reasons set forth below, the motion to stay this action pending the resolution of a related proceeding in a California state court is granted.

The plaintiff, Henry Rosenfeld, Inc., is a New York corporation and a manufacturer and distributor of luggage. The corporate defendant, Himar Sales Corp., is a California corporation, and its president, Richard B. Gibbs, is a citizen of California.

In the period from December 1976 to February 1977, Rosenfeld and Himar negotiated and executed an agreement appointing Himar as Rosenfeld's area sales representative for California, Nevada and Arizona. The contract was negotiated in California, by telephone and by mail, and at least one meeting in New York. At the New York meeting, the parties signed an agreement, which Rosenfeld claims to be the final contract, but which Himar contends was superseded by a later, though similar, agreement which it signed in California.

Himar began to solicit orders for Rosenfeld on or about December 21, 1976, the date of the initial oral agreement. Himar continued to act as Rosenfeld's representative, although neither party was satisfied with the performance of the other. On October 24, 1977, Rosenfeld notified Himar that the agreement was terminated effective December 31, 1977.

On December 6, 1977, Himar commenced an action against Rosenfeld in state court in Los Angeles, California, for breach of contract by the failure to fill orders and to pay commissions and its premature termination. Himar claimed damages in excess of $688,-000 for unpaid and lost commissions and for loss of goodwill. Rosenfeld answered the California complaint on May 11, 1978, and filed a cross-complaint against Himar and Gibbs, alleging a breach of contract by the failure to properly service all stores and to advise Rosenfeld of weekly sales activity on its behalf. Rosenfeld claimed damages in excess of $100,000.

Before filing its answer in the California suit, Rosenfeld commenced the instant action in New York on April 11, 1978, alleging breach of contract and seeking $100,000 in damages.

■ 1. Defendants have moved to dismiss the action for lack of personal jurisdiction over them, pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiff contends that this Court's jurisdiction over the defendants is established by the state long-arm statute, N.Y.C.P.L.R. § 302(a)(1), which states:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary . . . who in person or through an agent:

1. transacts any business within the state.

Defendants have conceded that they negotiated and signed a contract in New York, and this suffices to establish jurisdiction under Section 302. *George Reiner & Co., Inc. v. Schwartz,* 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977). Even if the agreement signed in New York was superseded by a later contract, defendants' conduct in New York represented purposeful activity directed toward and ultimately resulting in the establishment of a contractual relationship, and was not merely a casual visit with a New York customer. *Compare George Reiner & Co., Inc. v. Schwartz, supra,* 394 N.Y.S.2d at 848, 363 N.E.2d at 554, *with McKee Elec. Co., Inc. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 283 N.Y.S.2d 34, 37, 229 N.E.2d 604, 606 (1967). At a minimum, defendants engaged in "substantial preliminary negotiations through high-level personnel" in New York, permitting the use of the long-arm statute to acquire jurisdiction over the defendants. *Longines-Wittnauer Watch Co., Inc. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 19, 209 N.E.2d 68, 75 (1965). *See also Moser v. Boatman,* 392 F.Supp. 270 (E.D.N.Y.1975); *Mendelson v. Fleischmann,* 386 F.Supp. 436 (S.D.N.Y.1973).

Accordingly, the motion to dismiss for lack of personal jurisdiction is denied.

2. Defendants have moved for a stay of this action pending the outcome of the California litigation, or for a transfer of the action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes a stay on the ground that the state court action will not be dispositive of the controlling issues in this action.

■ This Court has the power to stay an action pending the completion of a related state court proceeding. *Bethlehem Steel Corp. v. Tishman Realty & Construction Co., Inc.,* 72 F.R.D. 33, 40 (S.D.N.Y.1976). A stay is appropriate where the state court will be able to resolve the dispositive issues of the federal action, judicial resources will be conserved by the avoidance of duplication, and the convenience of the parties, counsel and witnesses will be furthered.

■ Application of these criteria to the present case leads to a finding that a stay of the federal suit is appropriate. Rosenfeld's cross-complaint in California is identical to its New York complaint. Thus, the California court will be able to decide the controlling issues in this action, and will do so while deciding Himar's claims against Rosenfeld, thus disposing of this single dispute in a single proceeding. Furthermore, although the convenience of counsel and the parties does not favor one forum over the other, the majority of non-party witnesses likely to be called in a trial of this case resides in California, and their convenience will be served if the California state court conducts the trial.

Accordingly, the motion to stay this action pending the outcome of the California litigation is granted.

■ 3. Defendants' motion for a protective order pursuant to Fed.R.Civ.P. 26(c) against the taking of their depositions must be denied as moot because this action will now be stayed. Any further discovery between the parties must be conducted pursuant to the rules governing the California action.

SO ORDERED.