Frank VACCARO, as father and natural guardian of Anna Marie Vaccaro, Frank Vaccaro, Individually and Sara Vaccaro, Plaintiffs,

v.

**Barry G. LEW, Defendant.**

No. 78 C 2586.

United States District Court,
E. D. New York.

May 22, 1979.

David Jaroslawicz, New York City, for plaintiffs.

Morris, Duffy, Ivone & Jensen, New York City, by James B. Reich, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

■ Defendant in this action for medical malpractice seeks dismissal on the ground that another suit involving the same purported incident of malpractice, but other defendants, is pending in State court. He invokes "the broad and inherent power vested in this court to control its own process and its calendars and to do substantial justice" without apparently realizing that his arguments are properly directed to Congress—which has seen fit to vest district courts with "diversity jurisdiction"—and not to a federal court with a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given . . . [it]." *Colorado River Water Conser. Dist. v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Since the court is of opinion that defendant's motion is not supportable by any legal theory, his motion to dismiss is denied.

Although defendant suggests that diversity in this action is not "genuine" and therefore dismissal is appropriate, it is apparent that the court's jurisdiction under 28 U.S.C. § 1332 has been properly invoked. Defendant was allegedly a citizen of California at the time the action was commenced, see *Louisville, N. A. & C. R. Co. v. Louisville Trust Co.,* 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081 (1899), and committed acts in New York that subjected him to its "long-arm" statute and hence to personal jurisdiction in this forum under Rule 4, F.R.Civ.P. The jurisdictional allegations and personal jurisdiction over the defendant are not seriously contested. Hence, we proceed on the basis that this action is properly before the court.

Defendant contends nonetheless that this action should be dismissed because of the pendency of an action in the State courts against other defendants which allegedly arises out of the same course of treatment complained of here. The fallacy of this argument is that no action is pending in the State courts against defendant Lew, who allegedly gave the primary obstetrical and gynecological care at issue in this case. Rather that action involves a consulting doctor and the hospital at which the Vaccaro child was born. Plaintiffs characterize the State action as peripheral to the main federal action and represent through their attorney that they would voluntarily discontinue the State court action in order to proceed expeditiously here. Thus, the absence of a pending action against Lew is by itself sufficient ground for denial of defendant's motion.[1] See *Mendiola v. Hart,* 561 F.2d 1207 (5 Cir. 1977).

■ There is still another reason for concluding that dismissal is inappropriate in the circumstances presented. "Generally, as between state and federal courts, the

---

1. In *Mendiola, supra,* a diversity based medical malpractice action brought against three doctors and a hospital, defendants moved to dismiss on the ground that a fourth doctor was an indispensable party because he had participated in the procedure which had given rise to the claim. The district court dismissed on a different ground: it held that pendency of a State court suit against the fourth doctor afforded plaintiff an adequate remedy in State court since all the other defendants could be joined in that proceeding. The Court of Appeals for the Fifth Circuit reversed, in a *per* curiam decision, holding that the district court lacked jurisdiction to dismiss, with these brief remarks:

"The appellees cite no case, and our research discloses none, that authorizes a district court to dismiss a diversity action solely on the ground that the claim could be litigated in the context of a pending state court action. This is not even a situation where actions involving the same parties and issues are simultaneously pending in state and federal courts; in which event, the district court would have discretion to stay, but not to

rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .' " *Colorado River Water Conserv. Dist. v. United States, supra,* 424 U.S. at 818, 96 S.Ct. at 1246, quoting from *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Thus, since federal courts are obliged to exercise the jurisdiction given them, *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 415, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably . . . limited . . . ." *Colorado River Water Conserv. Dist. v. United States, supra,* 424 U.S. at 819, 96 S.Ct. at 1246. See *Friedman v. N.B.C. Motorcycle Imports, Inc.,* 452 F.2d 1215, 1217 (2 Cir. 1971); *Ferguson v. Tabah,* 288 F.2d 665, 672 (2 Cir. 1961); *Mars, Inc. v. Standard Brands, Inc.,* 386 F.Supp. 1201, 1204 (S.D.N.Y.1974). See generally 1A Moore's Federal Practice ¶¶ 0.203[4], 0.221 (2d Ed.1978). Since defendant has presented no facts warranting relief, we decline to exercise our discretion in the circumstances presented. See *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

Defendant claims basically that plaintiffs have pursued a litigation strategy that places him in the uncomfortable position of being forced to implead the State court defendants in this action and thereby compels him to accuse another doctor of medical malpractice. Whatever the merit of this contention—and we seriously question whether defendant is compelled to proceed in this manner—it hardly merits dismissal of the action. Plaintiffs candidly admit that the action was filed in federal court to obtain the benefit of broad discovery, to avoid delay attributable to the liberal rules in State practice for interlocutory appeals, and to obtain a speedy trial of the action,

dismiss, the proceedings before it to await the outcome of potentially dispositive state litigation. *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir. 1973)."

which has been set for October 1979. Although defendant would have the court establish a rule that would permit dismissal of a properly commenced diversity action on account of a plaintiff's motivation for choosing a federal forum, we decline to endorse such a suggestion or be drawn into an exercise in speculation.

While it is settled in this circuit that "a district court may stay federal proceedings to allow resolution of a similar cause of action pending in state court," *Clarkson Co., Ltd. v. Shaheen,* 544 F.2d 624, 629 (2 Cir. 1976), defendant has not made a sufficient showing to warrant the exercise of the court's discretion to stay this action or to justify departure from the general rule obliging federal courts to exercise the jurisdiction conferred upon them. See *Will v. Calvert Fire Ins. Co., supra.*

Accordingly, defendant's motion is denied in all respects, and the parties are directed to proceed with pretrial proceedings in accordance with the previously entered order.

SO ORDERED.

These words could hardly be more applicable to the issue before the court and amply support our decision.