**LEBER–KREBS, INC., Plaintiff,**

v.

**George CLINTON, Defendant.**

**No. 81 Civ. 0919 (GLG).**

United States District Court, S. D. New York.

July 2, 1981.

Steven M. Kramer, Michael R. Needle, Philadelphia, Pa., and Barr & Bello, New York City, for plaintiff.

Parcher & Herbert, P. C., New York City, for defendant.

## OPINION

GOETTEL, District Judge.

This diversity action concerns the alleged breach of a contract between the plaintiff and the defendant. The defendant has moved to dismiss or stay this action on the ground that a prior similar action is currently pending in the Supreme Court of New York State, New York County. While admitting that the federal diversity action "duplicates" the pending state action, the plaintiff argues that neither a dismissal nor a stay in deference to the state court is proper in these circumstances.

The plaintiff and the defendant entered into an agreement on January 1, 1978, according to which the plaintiff was to act as personal manager for the defendant, a rock musician. The plaintiff filed an action in state court on January 22, 1980, alleging breach of that agreement, and some depositions were taken in that action in August and September of 1980. On February 17, 1981, the plaintiff filed this diversity action in federal district court against the same defendant, alleging breach of the same agreement and seeking the same sort of relief. The two actions appear to be based on the same facts and to involve the same legal issues, which must be determined under New York contract law.

Since Chief Judge Learned Hand's decision in *Mottolese v. Kaufman*, 176 F.2d 301 (2d Cir. 1949), the law in this circuit has clearly allowed a district court at least to stay a federal action pending resolution of a similar state action in circumstances such as these. *See Simmons v. Wetherell*, 472 F.2d 509, 512 (2d Cir.), *cert. denied*, 412 U.S. 940, 93 S.Ct. 2777, 37 L.Ed.2d 399 (1973) ("the district court should stay its hand here pending the resolution of the state court action, both in the interests of comity and efficient judicial administration"); *Klein v. Walston & Co.*, 432 F.2d 936 (2d Cir. 1970) (per curiam) (affirming on the ground of "congested calendars" the district court's order staying federal proceedings pending determination of the state action, even though the federal action included a federal securities claim, over which the federal courts have exclusive jurisdiction); *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, 390 F.Supp. 824 (S.D.N.Y. 1975). In addition, the Supreme Court's decision in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), upholding the *dismissal* of a federal diversity action brought under the Federal Declaratory Judgments Act, supports the proposition that a district court has discretion to avoid "uneconomical" duplicative litigation.

The plaintiff strenuously argues, however, that all of this has been changed by the Supreme Court's opinion in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Relying particularly on Justice Brennan's reference to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.* at 817, 96 S.Ct. at 1246, and on glosses on the *Colorado River* decision in various justices' opinions in a subsequent Supreme Court case, *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), the plaintiff has constructed an intricate argument. For several reasons, this Court finds that argument unpersuasive.

First, the *Colorado River* decision, itself, despite its strong language about the obli-

gation of the federal courts to exercise their jurisdiction, does not mandate the denial of a stay in the instant action. In many ways, *Colorado River* was a less suitable case than the instant one for deference to a state court. Jurisdiction in that case was based on a federal question rather than diversity; moreover, the United States was a party there. The similar state action there was brought after the federal action rather than before. The defendant in the state action there was the plaintiff in the federal action, whereas here the party alignment is the same in both the federal and state actions. Finally, that case concerned dismissal rather than a stay.[1] Despite those facts, all of which seem to point toward the appropriateness of a federal forum in *Colorado River*, the Supreme Court *upheld*[2] the *dismissal* of the federal action. Of course, Justice Brennan outlined the particular reasons why dismissal was permissible in *Colorado River*. There are also reasons for deferring to the state court in the instant case, however, and none of the problems in doing so that were present in *Colorado River*.

Second, when the *Colorado River* language about "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," on which the plaintiff relies so heavily, is put in the proper context, it appears less relevant to the instant case. As has already been shown, *Colorado River* is readily distinguishable from the instant case. Moreover, the case that Justice Brennan cites for the "unflagging obligation" proposition is *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964), which was not a diversity case and involved a federal constitutional question rather than state contract law. And the cases since *Colorado River* that have relied on the "unflagging obligation" language (and on which the plaintiff relies) either were not based on diversity, *e. g., Glendale Federal Savings and Loan Ass'n v. Fox*, 481 F.Supp. 616 (C.D.Cal. 1979), or involved a dismissal rather than a stay, *e. g., Western Auto Supply Co. v. Anderson*, 610 F.2d 1126 (3d Cir. 1979), or did not involve duplicative state and federal actions, *e. g., Vaccaro v. Lew*, 82 F.R.D. 455 (E.D.N.Y.1979).

Third, Justice Brennan's concerns in emphasizing the importance of the federal forum are not applicable to the instant case. Justice Brennan, the author of *Colorado River*, reiterated, in his dissent in *Will v. Calvert Fire Insurance Co., supra*,[3] his concern about the obligation of the federal courts to exercise their jurisdiction—an obligation that "becomes all the more important when, as here [in *Will*], Congress has made that jurisdiction *exclusive*." 437 U.S. at 655, 98 S.Ct. at 2553 (emphasis in original). Justice Brennan seemed particularly worried about the possibility of according "res judicata effect to a state-court determination of a claim over which the federal courts have exclusive jurisdiction." *Id.* at 674, 98 S.Ct. at 2563. The instant action, as has been noted, involves only state law; the state court will be entrusted with no federal legal questions at all, let alone those over which the federal courts have exclusive jurisdiction.

1. Although the plaintiff has made an elaborate argument that a stay is the same as a dismissal and was considered so by the Supreme Court justices in *Colorado River* and *Will*, this Court considers a stay an obviously less final and less drastic form of deference to a state court action.

2. In stressing the *language* of the opinion, the plaintiff seems to lose sight of the *result* in the case.

3. It should be emphasized that Justice Brennan was writing in dissent in *Will*, that there was no opinion of the Court (Justice Rehnquist announced the judgment of the Court and wrote an opinion in which three other justices joined, Justice Blackmun concurred in the judgment of the Court; Chief Justice Burger dissented; and Justice Brennan wrote a dissenting opinion in which the Chief Justice and two other justices joined), and that the judgment of the Court was to reverse the issuance of a writ of mandamus directing the district court judge to adjudicate the federal claim rather than staying the federal proceedings until completion of the state proceedings on the nonfederal claims.

The rule of *Brillhart v. Excess Insurance Company of America, supra,*[4] seems more appropriate here than that of *Colorado River* or whatever guidance can be extracted from the various opinions of the justices in *Will.* *Brillhart,* which held dismissal of a federal suit in deference to a similar state court action to be within the discretion of the federal court, can be distinguished from the instant action on the ground that the former was brought under the Federal Declaratory Judgments Act, which expressly makes exercise of federal jurisdiction discretionary. Nevertheless, the factors the *Brillhart* Court says the district court should consider in deciding whether to exercise jurisdiction under the Federal Declaratory Judgments Act seem equally applicable to a determination of whether to stay proceedings in a federal diversity action that duplicates a state court action.[5]

At least twice since *Colorado River,* the Court of Appeals for the Second Circuit has reaffirmed the discretion of a district court to defer to a state court in the interests of wise judicial administration. In *Levy v. Lewis,* 635 F.2d 960, 967 (2d Cir. 1980), the court explicitly took note of *Colorado River,* but nevertheless affirmed the district court's dismissal of an action to "prevent duplicative litigation in state and federal forums," among other reasons. In *Clarkson Co. v. Shaheen,* 544 F.2d 624, 629 (2d Cir. 1976), where the district court had declined to stay the federal proceedings,[6] the Second Circuit affirmed, finding no abuse of discretion, but emphasized the breadth of the district court's discretion in such circum-

stances. Moreover, the district courts have continued to stay federal actions in appropriate circumstances similar to those in the instant case. *See, e. g., Henry Rosenfeld, Inc. v. Himar Sales Corp.,* 460 F.Supp. 640, 642 (S.D.N.Y.1978).

The court in *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., supra,* listed seven factors to be considered in determining whether to stay a diversity action in favor of a similar state action:

"(1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay."

390 F.Supp. at 827 (quoting *Nigro v. Blumberg,* 373 F.Supp. 1206, 1213 (E.D.Pa.1974)). This Court believes that an application of these factors to the instant case strongly supports a stay of the federal proceedings. Comity and judicial efficiency will certainly be promoted by a stay, since New York courts are well versed in New York law. The parties and issues are identical in the two actions, and the Court sees no reason why the plaintiff cannot obtain adequate relief and a prompt disposition in the state forum. Since the state court and this Court are in the same city—indeed, they are adjacent to each other—there should be no greater convenience in the federal forum. Since the plaintiff is a citizen of New York

4. *Brillhart* appears to be alive and well. Justice Brennan cited it in *Colorado River, see* 424 U.S. at 818, 96 S.Ct. at 1246, and in *Will, see* 437 U.S. at 670–72, 98 S.Ct. at 2561–62; Justice Rehnquist cited it and relied on it in *Will*; and Justice Blackmun's somewhat disparaging reference to it in *Will, see id.* at 667, 98 S.Ct. at 2559, is not dispositive, since he was writing only for himself.

5. The Court stated:
   Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to a federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the

proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

316 U.S. at 495, 62 S.Ct. at 1175.

6. The circumstances in *Clarkson* were very different from those here: The state and federal suits there involved different causes of action and sought different relief.

State and originally brought its action in the state court,[7] the Court can see no possibility of prejudice in relegating it to its original choice of forum. Whatever one thinks of the value of diversity jurisdiction,[8] it was certainly designed for more important purposes than to give a plaintiff in a state action the opportunity to pursue simultaneously the same claims against the same defendant in federal court. In this case, the Court can see no reason for permitting such a waste of legal and judicial resources. The defendant's motion to stay is granted, and the action is placed on the suspense calendar of this Court pending resolution of the state action.

SO ORDERED.

---

**7.** That was not the case in *Universal Gypsum*, where the two actions were commenced simultaneously. Thus, this is an even stronger candidate for a stay of federal proceedings than was *Universal Gypsum*.

**8.** *See generally* H. Friendly, *Federal Jurisdiction: A General View* 139–52 (1973) (sharply questioning the need for diversity jurisdiction except in isolated circumstances).