**Maria Margarida Azevedo De Neves DE CARVALHOSA, Plaintiff,**

v.

**Robert A. LINDGREN, Allan M. Schneider Real Estate, Inc., and Allan M. Schneider, individually, Defendants.**

**No. 82 CIV. 3835 (MP).**

United States District Court,
S. D. New York.

Aug. 6, 1982.

Philips & Mushkin, P.C., New York City by Lawrence M. Philips, New York City, for plaintiff.

Stuyvesant Wainwright, II, Wainscott, N.Y., for defendants Schneider.

## OPINION

MILTON POLLACK, District Judge.

The defendants Schneider move herein for a stay of this suit pending the disposition of an identical suit previously filed by the plaintiff against the same defendants asserting the same grievance as is charged here. For the reasons appearing hereafter, the stay will be granted in the interests of justice and the convenience of the parties and witnesses.

This suit involves a dispute between the owner of a summer home and one of his tenants. Robert A. Lindgren, a U.S. citizen who currently resides in London, England, leased his house in Water Mill, Suffolk County, New York to one Taki Theodoracropolis for a term of one year commencing January 1, 1980. Paragraph 3 of the lease provided that: "The Tenant shall not, without written consent from the Landlord, assign or sublet the whole or any part of the premises ... Landlord agrees that such consent shall not be unreasonably withheld."

Mr. Lindgren later consented to an assignment of the lease to plaintiff Maria De Carvalhosa, who is a citizen of Portugal residing in New York City, and Eduardo Garriques for the period April 1, 1980 to December 31, 1980, for $15,000. Defendants Allan M. Schneider and Allan M. Schneider Real Estate, Inc. (the "owner's Broker") acted on behalf of Mr. Lindgren in this transaction and both plaintiff and Mr. Garriques paid their share of the rent directly to the owner's Broker.

In a letter dated April 11, 1980 to the original lessee, Mr. Theodoracropolis, the owner's broker stated that his principal, Mr. Lindgren, agreed to permit the assignment to plaintiff and Mr. Garriques on the condition that, among other things:

1. The existing lease shall be carried forth written between Mr. Lindgren and yourself with dual responsibility resting on you as the original tenant and the sublet tenants.
2. All conditions regarding payment, term of lease, etc. shall be carried forth under the sublet.

Plaintiff alleges that at the time of this approval of the assignment, the defendants also orally modified the sublease to plaintiff and Mr. Garriques, consenting to allow them to sublet the premises to yet another for the month of August, 1980. Plaintiff alleges that during the month of July, 1980, she presented to the owner's Broker a couple who had indicated willingness to sublet the premises for August, 1980 and that the owner's Broker expressed no objection. Apparently no sub-lease was ever executed with that couple. Instead, employing a broker that did not represent the owner, plaintiff entered into a sublease for the month of August, 1980 with one David Heckler.

On August 1, 1980, the owner's Broker promptly advised plaintiff by letter that she had violated her assignment which prohibited sublease except under the conditions expressed in the original lease. The owner's Broker stated that plaintiff had "sublet Mr. Lindgren's property without authorization from either myself and/or Mr. Lindgren." The owner's Broker informed plaintiff that Mr. Lindgren would, however, agree to permit the unauthorized sublet on the condition that all rental agreements would terminate as of September 4, 1980, at which time Mr. Lindgren would retake possession of his property.

On September 4, 1980, plaintiff attempted to enter the Lindgren property but was unable to do so, the locks having been changed. Plaintiff alleges that she had left personal belongings of great value in the Lindgren house, including designer dresses, jewelry worth $33,500 and quantities of liquor. Sixteen months later, on January 10, 1982, the plaintiff for the first time went to

the premises to retrieve her dresses, valuables and champagne, but she alleges she was able to recover only a minor portion of them, and that the rest were missing.

On October 23, 1980, plaintiff filed suit in New York State Supreme Court for the County of Suffolk, naming as defendants Mr. Lindgren and his Broker as well as certain others for, *inter alia,* breach of contract, fraud, conversion and violation of N.Y. Real Property Actions and Proceedings Law § 843. The action against Mr. Lindgren was dismissed for improper service of process, no personal service having been effected; instead service by registered mail was directed to him in England where he is employed.

On June 11, 1982, plaintiff filed the present suit in this Court, again naming Mr. Lindgren and his Broker for virtually the identical relief and on the same grounds as are asserted in the state court suit.

■ The plaintiff lives and works in New York City as a broker for William B. May & Co., a real estate firm. She is present under a "green card" enabling her to remain in this country. Nonetheless, since she is a citizen of Portugal, diversity jurisdiction exists. 28 U.S.C. § 1332(a)(2); *Breedlove v. Nicolet,* 32 U.S. (7 Pet.) 413, 431–32, 8 L.Ed. 731 (1833).

The defendant Broker has moved this Court to stay this suit pending the resolution of the State Court case in Suffolk County.

"[T]he law in this circuit is clear that a district court may stay federal proceedings to allow resolution of a similar cause of action pending in state court." *Clarkson Co. v. Shaheen,* 544 F.2d 624, 629 (2d Cir. 1976). *See Giulini v. Blessing,* 654 F.2d 189, 193–94 (2d Cir. 1981); *Klein v. Walston & Co.,* 432 F.2d 936, 937 (2d Cir. 1970) (per curiam); *Leber-Krebs, Inc. v. Clinton,* 517 F.Supp. 593 (S.D.N.Y. 1981). As Judge Cannella stated in *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F.Supp. 824, 827 (S.D.N.Y. 1975), *quoting Nigro v. Blumberg,* 373 F.Supp. 1206, 1212–13 (E.D. Pa. 1974):

> [T]he following factors are pertinent to a district court's decision to exercise its discretion in favor of staying proceedings before it: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as the result of the stay.

■ Every factor pertinent to the exercise of the Court's discretion in favor of granting a stay of this later suit is present herein. Staying the federal suit would advance the principle of comity since all of the issues involve questions of state law; a stay would promote judicial efficiency by preventing duplication of time and resources; there has been no suggestion that the state court cannot provide relief for all legitimate concerns; the parties and grounds of contention are virtually identical in both actions; there is no bar to a prompt disposition of the suit in state court; the state court is at least as convenient as the federal court for the parties, counsel and witnesses; and there is no conceivable possibility of prejudice to any party as a result of a stay.

Plaintiff argues that a stay ought not be granted because the complaint in the federal suit is "dressed up," and is limited to defendants Lindgren and his Broker. Plaintiff also alleges that considerations of her convenience favor denial of the motion to stay. Plaintiff resides and works in a real estate office in New York City, as do, she claims, certain (unidentified) non-party witnesses. Plaintiff claims further that it will be somehow less expensive for her to obtain personal jurisdiction over Mr. Lindgren in the federal court, in view of the state court's refusal to permit service of process on Lindgren in England by registered mail.

The owner's Broker, its counsel and the house involved in the dispute, as well as the other broker which sublet the premises without authority are all located in Suffolk County, which is no more than a few hours by car from New York City, where plaintiff resides. In view of these facts, and recog-

nizing that plaintiff originally chose to bring suit in Suffolk County, her argument that it would be inconvenient for her to pursue the state suit is not persuasive.

The fact that the state suit has been dismissed without prejudice as against defendant Lindgren on the grounds of improper service of process does not preclude granting a stay of the present suit. Under Federal Rules of Civil Procedure 4(e), absent federal statutory authority, in a diversity suit a nonresident defendant must be served with process "under the circumstances and in the manner prescribed in the statute or rule" governing nonresident service of process of the state in which the district court is held. Thus, in this court, plaintiff can have no greater rights regarding service of process than she has in the New York state courts, and would be presented with the same problems regarding service of process on defendant Lindgren in this case that she has confronted in the state suit.

Accordingly, IT IS ORDERED that the instant suit be stayed pending trial or final disposition of the action filed in New York State Supreme Court, County of Suffolk, index number 129/1981, entitled *Guida De Carvalhosa v. Robert A. Lindgren, et al.*

SO ORDERED.