**UNITED STATES of America,**
**Appellant,**

v.

**BLH, INC., Armour and Company and**
**The Greyhound Corporation,**
**Appellees.**

**No. 85–1256.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1985.
Decided Sept. 19, 1985.

Charles L. Schlumberger, Washington, D.C., for appellant.

David A. Churchill, Washington, D.C., for appellees.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

The United States of America appeals from an order of the district court dismissing on jurisdictional grounds its action to enforce a final Contracting Officer's decision upholding claims by the United States against BLH, Inc. and its alleged "alter egos," Armour and Company and The Greyhound Corporation. The sole issue on appeal is whether the district court erred in dismissing this action instead of staying it pending a decision by the United States Claims Court. We reverse and remand to the district court for reinstatement.

On June 27, 1983, an Army Corps of Engineers Contracting Officer issued a final decision on Contract No. DACW41–69–C–0131, imposing liability against BLH, Inc., Armour and Greyhound for government claims on the contract totalling $2,639,409. Under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 *et seq.*, the Contracting Officer's decision may be challenged either by appealing the decision to the appropriate board of contract appeals within ninety days after receipt of the decision, or by filing a direct action in the Claims Court within twelve months after receipt of the decision. 41 U.S.C. §§ 606, 609(a)(3). On June 25, 1984, the United States, allegedly to prevent potential statute of limitations problems, filed this action seeking summary enforcement of the Contracting Officer's decision. The next day, BLH filed a direct review action in the Claims Court. *BLH v. United States,* Cl.Ct. No. 333–84C.

Armour and Greyhound moved to dismiss the government's action on the ground BLH had timely filed an action in the Claims Court. The government opposed this motion and moved for summary enforcement of the Contracting Officer's decision. The government also moved to dismiss the Claims Court action filed by BLH on the ground BLH was a dissolved corporation without capacity to sue.[1] The district court granted Armour's and Greyhound's motion to dismiss on jurisdictional grounds, holding that the Claims Court first had to determine whether the action filed by BLH also constitutes the filing of a direct action under the CDA by Armour and Greyhound. The court subsequently denied the government's motion for reconsideration which argued that the action should not be dismissed but should be stayed pending a decision by the Claims Court.

---

1. The Claims Court has not yet rendered a deci-    sion in this case.

The government, citing *Hemmerle Industries, Inc. v. Kassuba*, 575 F.2d 513 (5th Cir.1978) and *Diapulse Manufacturing Corp. v. The Birtcher Corp.*, 315 F.2d 148 (9th Cir.1963), contends that the district court, by dismissing this action instead of staying it, placed the United States at risk of losing all or part of its claims against defendants under potential statute of limitations defenses. We express no view on these statute of limitations questions, but agree that there is sufficient controversy surrounding the issue that the district court should have stayed further proceedings in the suit rather than dismissing it. *See Hemmerle Industries*, 575 F.2d at 512–13. This course of action will guard the rights of the government without prejudicing BLH, Armour or Greyhound.

Accordingly, we vacate the district court's order of dismissal and remand the case for reinstatement and issuance of an order staying further action until completion of the Court of Claims proceedings.