PER CURIAM.
 

 Plaintiff, William T. Griffin, filed a complaint against the defendant, Sandy Howard Productions, seeking damages for alleged breach of contract, trespass and conversion. Before Sandy Howard filed its answer, it filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the Central District of California. Because the petition in bankruptcy was filed, the civil action against Sandy Howard was automatically stayed pursuant to 11 U.S.C. § 362 (1982). The district court then dismissed
 
 sua sponte
 
 Griffin’s complaint “without prejudice to [Griffin’s] right to pursue [his] claim in [the district] court with the permission of the Bankruptcy Judge,” reasoning that all of the issues could be resolved in the bankruptcy court. Griffin filed a motion to set aside the order under Rule 60 or Rule 59(e) of the Federal Rules of Civil Procedure, which the district court denied. Griffin has appealed from the denial of that motion.
 

 Griffin argues that the automatic stay provision of § 362 divested the district court of any power to dismiss the civil case filed in its court. That is, however, an issue we need not reach on this appeal for the district court committed a more fundamental error. The district court has no jurisdiction to dismiss
 
 sua sponte
 
 a diversity action because the issues may be resolved in a proceeding pending in another jurisdiction.
 
 See Mendiola v. Hart,
 
 561 F.2d 1207, 1208 (5th Cir.1977). The district court must await the resolution of the bankruptcy court proceeding in California before it can take any action on the civil case filed in its court.
 

 We therefore REVERSE and REMAND the judgment with instructions to reinstate the case below.